IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELVIN LARONE WILLIAMS,  )<br>  )<br>    Petitioner,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>    Respondent.  ) | Civil Action No. 2:12cv387-WKW<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by Kelvin Larone Williams ("Williams") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I. INTRODUCTION**

On January 21, 2010, a jury found Williams guilty of three counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 through 3 of the indictment); one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (Count 4); and one count of aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count 5).[1] On November 23, 2010, the district court sentenced Williams to 180 months in prison.

Williams appealed. His appointed counsel filed a no-merit "*Anders* brief"[2] with the

---

[1] Williams was tried jointly with codefendant Tarvis Baker.

[2] *See Anders v. California*, 386 U.S. 738 (1967).

Eleventh Circuit. On November 29, 2011, the appellate court affirmed his convictions and sentence, finding no arguable issues of merit upon independent review of the record. *United States v. Williams*, No. 10-15568.

On April 26, 2012, Williams, proceeding *pro se*, filed this motion under 28 U.S.C. § 2255, asserting the following as grounds for relief:

> GROUND 1: He is actually innocent of the distribution charges in Counts 1 through 3 of the indictment, because the government did not (a) prove its jurisdiction over crimes occurring in Lowndes County, Alabama, and (b) prove he is a "citizen" within the meaning of Title 21 of the United States Code.
>
> GROUND 2: He is actually innocent of the conspiracy charge in Count 4 of the indictment, because his sole codefendant was acquitted of this count and he could not be convicted of conspiring with the government's confidential informant.
>
> GROUND 3: He is actually innocent of Count 5 of the indictment, on the ground that crack cocaine is not a controlled substance because the word "crack" is not defined under 21 U.S.C. § 841(a)(1).
>
> GROUND 4: His trial and appellate counsel rendered ineffective assistance by failing to file any of 100 pretrial and trial motions available for his defense.

Doc. No. 1.[3]

Williams later amended his § 2255 motion to add the following claims:

> GROUND 5: His trial and appellate counsel rendered ineffective assistance by failing to challenge the DEA's use of (a) a confidential informant and (b) electronic surveillance.

---

[3] Unless otherwise indicated, document numbers ("Doc. No.") are those assigned by the Clerk in the instant civil action. References to exhibits ("Ex.") are to exhibits filed by the Government with its response. All page references are to those assigned by CM/ECF.

> GROUND 6: The sentence imposed against him violates the Supreme Court's recent holding in *United States v. Alleyne*.

Doc. Nos. 16 & 42.

The government argues that all of Williams's claims lack merit and that he is therefore not entitled to collateral relief. Doc. Nos. 35 & 45. After consideration of Williams's § 2255 motion, the submissions supporting and opposing the motion, and the record, the court concludes that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.  DISCUSSION

**A.    General Standard of Review**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)

3

(citations omitted).

**B.     Substantive Claims Not Raised on Direct Appeal**

Grounds 1 through 3 in Williams's § 2255 motion present substantive non-ineffective assistance of counsel claims that could have been raised on direct appeal, but were not. Ordinarily, if an available substantive claim is not advanced on direct appeal, it is procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A defendant can avoid a procedural bar by demonstrating "cause" for not raising the claim of error on direct appeal and actual prejudice from the alleged error. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

Williams suggests the failure of his trial and/or appellate counsel to raise these substantive claims constitutes ineffective assistance (Doc. No. 1 at 4-8) and therefore constitutes "cause" excusing a procedural default of these claims. Ineffective assistance of counsel may satisfy the cause exception to a procedural bar, if the claim of ineffective assistance is meritorious. *Greene*, 880 F.2d at 1305. The court will therefore consider all of Williams's substantive claims (exception for his claim under *United States v. Alleyne*) in the context of his allegations of ineffective assistance of counsel, discussed below.

**C.     Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must

4

show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether

5

the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

The Supreme Court has held a criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). The Court noted, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id*. at 751-52. Therefore, it is difficult for a

defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel presented other strong issues. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000).

### 1. Counsel's Failure to Challenge Proof of Federal Jurisdiction and Proof of Williams's U.S. Citizenship

Williams claims his counsel was ineffective for failing to argue his actual innocence on the distribution charges in Counts 1 through 3, on grounds that the government did not (a) prove its jurisdiction over crimes occurring in Lowndes County, Alabama, and (b) prove he is a "citizen" within the meaning of Title 21 of the United States Code.[4] Doc. No. 1 at 4-5.

#### a. Federal Jurisdiction

Williams asserts that because Counts 1 through 3 charged him with committing acts that took place on state lands in Lowndes County, Alabama, the federal government and its courts did not have jurisdiction to prosecute him for his crimes. *See* Doc. No. 1 at 4-5. Williams's argument ignores the basic principle of federalism embodied in the Constitution of the United States. That the State of Alabama has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Williams for federal crimes occurring within those same boundaries. *See, e.g. Heath v. Alabama*, 474 U.S. 82, 93 (1985); *United States v. Hamilton*, 263 F.3d 645, 655-56 (6th Cir.

---

[4] This court does not know why Williams chose to apply this claim only to Counts 1 through 3 of the indictment, or for that matter, why he chose to apply his claim about the word "crack" in Ground 3 of his motion (discussed below) only to Count 5 of the indictment.

7

2001).

The Constitution of the United States gives Congress the power to create inferior federal courts and determine their jurisdiction. U.S. Const. art. III, § 1. Under Article III, § 2, cl. 1, of the Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States. Under 18 U.S.C. § 3231, federal district courts have original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts."); *see also Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

A federal district court's jurisdiction under 18 U.S.C. § 3231 is not limited to crimes occurring on federally owned property. *See, e.g., McClurkin v. United States*, 922 F.2d 843 (7th Cir. 1990); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *Cantrell v. Reno*, 36 Fed. App'x 651 (1st Cir. 2002); *see also Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999) ("a federal district court plainly possesses subject-matter jurisdiction over drug cases"); *United States v. Lussier*, 929 F.2d 25, 26 (1st Cir. 1991) (rejecting "territorial" jurisdiction argument). Article I, § 8, of the Constitution empowers Congress to create, define and punish crimes, irrespective of where they are committed. *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798) (Chase, J.); *United States v. Collins*, 920 F.2d 619,

629 (10th Cir. 1990).

Here, Counts 1 through 3 charged Williams with drug offenses in violation of 21 U.S.C. § 841(a)(1).[5] Each count of the indictment included allegations fulfilling every element of a violation of § 841(a)(1). *See* Ex. A. Because the indictment sufficiently alleged a violation of a "law[ ] of the United States," 18 U.S.C. § 3231, this court possessed jurisdiction over Williams's case. *See United States v. Trotter*, 478 F.3d 918, 920 n.2 (8th Cir. 2007) ("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss was properly denied."). Furthermore, by alleging the acts at issue took place within the Middle District of Alabama, where Lowndes County is located, the indictment established that the United States District Court for the Middle District of Alabama was the appropriate District Court to hear this case.

Williams's claim that the federal government and its courts did not have jurisdiction to prosecute him for his crimes is meritless. Accordingly, his counsel could not be ineffective for failing to raise this meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to argue a meritless issue); *United*

---

[5] Congress has the authority to punish such conduct under Title 21, United States Code, based upon the Commerce Clause. *See, e.g., United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir. 1996) (Congress's power to regulate an activity as clearly commercial as drug trafficking is not questionable); *United States v. Scales*, 464 F.2d 371, 375 (6th Cir. 1972) ("[§ 841(a)(1) ] clearly constitutes a permissible exercise of Congress's powers under the Commerce Clause of the Constitution"). The Commerce Clause authority includes the power to criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce. *United States v. Bernard*, 47 F.3d 1101, 1102 (11th Cir. 1995); *see* 21 U.S.C. § 801.

*States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same).

b. Proof of Citizenship

Williams claims the government had to prove he is a United States citizen in order to prosecute him under Title 21 of the United States Code and that his counsel was ineffective for failing to assert this claim to support his actual innocence on Counts 1 through 3 of the indictment. *See* Doc. No. 1 at 4-5.

As noted above, Counts 1 through 3 charged Williams with violating 21 U.S.C. § 841(a)(1). Section 841(a)(1) makes it "unlawful for *any person* [to] knowingly or intentionally ... manufacture, distribute, or dispense, .... a controlled substance." 21 U.S.C. § 841(a)(1) (emphasis added). There is no requirement in § 841(a)(1) that a defendant prosecuted under the statute be a citizen of the United States. The statute is directed at "any person." Williams's counsel was not ineffective for failing to raise this meritless claim. *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

2. ***Counsel's Failure to Challenge Conspiracy Conviction Based on Inconsistent Verdicts***

Williams maintains his counsel was ineffective for failing to argue his actual innocence on the conspiracy charge in Count 4 of the indictment, on grounds that his sole codefendant, Tarvis Baker, was acquitted of this count and he could not be convicted of conspiring with the government's confidential informant, "C.D." Doc. No. 1 at 5-7.

The court first notes that, although Williams says his codefendant Baker was acquitted of the conspiracy count, the record reflects that the jury could not reach a unanimous verdict

on that charge against Baker. *See* Case No. 2:09cr067-WKW, Doc. No. 107 at 35-42. Because the jury deadlocked, the district court declared a mistrial on that charge against Baker. *Id*.

The Eleventh Circuit does not adhere to the rule of "consistency in verdicts." *United States v. Andrews*, 850 F. 2d 1557 (11th Cir. 1988).

> Consistent verdicts are unrequired in joint trials for conspiracy: where all but one of the charged conspirators are acquitted, the verdict against the one can stand.

*Id*. at 1559; *see also United States v. Powell*, 469 U.S. 57, 67 (1984) (noting sufficiency-of-the-evidence review is separate from, and should not be confused with, problems caused by inconsistent verdicts).

In *Andrews*, the Eleventh Circuit followed the reasoning of the Supreme Court in *Powell* that inconsistent verdicts could as easily result from mistake or lenity by the jury in acquittal as they could from lack of evidence to support the conviction. "Under the circumstances, 'the best course to take is simply to insulate jury verdicts from review on this ground.'" *Andrews*, 850 F.2d at 1562 (quoting *Powell*, 469 U.S. at 69). *See also United States v. Wright*, 63 F.3d 1067, 1073-74 (11th Cir. 1995); *United States v. Church*, 955 F.2d 688, 695 (11th Cir. 1992).

The jury's inability to reach a unanimous verdict on the conspiracy charge against codefendant Baker did not impugn the jury's verdict finding Williams guilty of the conspiracy charge in Count 4. Nor would an outright acquittal. Because consistent verdicts

are not required in joint trials for conspiracy, *Andrews*, 850 F.2d at 1559, William's counsel was not ineffective for failing to argue that the jury's verdict on Baker rendered Williams "actually innocent" of the conspiracy charge of which he was found guilty. Counsel is not ineffective for failing to argue a meritless issue. *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

### 3. *Counsel's Failure to Argue "Crack" Not a Controlled Substance*

Williams contends his counsel was ineffective for failing to argue his actual innocence on Count 5 of the indictment on the ground that crack cocaine is not a controlled substance because the word "crack" is not defined under 21 U.S.C. § 841(a)(1). *See* Doc. No. 1 at 7-8.

Crack cocaine and cocaine base are both substances encompassed by Schedule II's definition of controlled substances:

> Under 21 U.S.C. § 802(6), a controlled substance is defined as "a drug or other substance, or immediate precursor, included in schedule, I, II, III, IV, or V of part B of this subchapter." 21 U .S.C. § 802(6). Schedule II lists "[c]oca leaves ..., cocaine ...; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph." 21 U.S.C. § 812, Schedule II(a)(4); *see also* 21 C.F.R. § 1308.12(b)(4) (listing in Schedule II "coca leaves and any salt, compound, derivative or preparation of coca leaves (including cocaine ... its salts, isomers, derivatives and salts of isomers and derivatives), and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances"). Because cocaine base and crack cocaine are mixtures that contain cocaine and are derived from coca leaves, *see United States v. Canales*, 91 F.3d 363, 366-69 (2d Cir. 1996) (describing chemical composition of cocaine base and crack cocaine); *United States v. Jackson*, 968 F.2d 158, 161-62 (2d Cir. 1992) (same), both substances are encompassed by schedule II's definition.

*Sanders v. United States*, 237 F.3d 184, 185 (2nd Cir. 2001).

The United States Supreme Court and the Eleventh Circuit have, many times and for many years, used the term crack cocaine interchangeably with the term cocaine base and have found that possession of crack cocaine, a form of cocaine base, will constitutionally support a conviction under 21 U.S.C. § 841(a)(1) et seq. *See, e.g., United States v. Booker*, 543 U.S. 220 (2005); *Thornton v. United States*, 541 U.S. 615 (2004); *United States v. Banks*, 540 U.S. 31 (2003); *United States v. Sloan*, 97 F.3d 1378, 1383 (11th Cir. 1996); *United States v. King*, 972 F.2d 1259 (11th Cir. 1992); *United States v. Catching*, 922 F.2d 777 (11th Cir. 1991).

Counts 1 through 5 of Williams's indictment indicated that "crack cocaine" is a common alternative name for cocaine base. *See* Ex. A. Because crack cocaine and cocaine base are both substances encompassed by Schedule II's definition of controlled substances, *Sanders*, 237 F.3d at 185, there is no merit to Williams's argument that he his actually innocent of Count 5 of the indictment on the ground that crack cocaine is not a controlled substance. Consequently, his counsel was not ineffective for failing to argue this meritless issue. *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

### 4.     *Counsel's Failure to File Various Motions*

Williams contends his lawyers rendered ineffective assistance of counsel because they did not file "over 100 pre-trial and trial motions that could have been filed on his behalf," including motions to prove federal jurisdiction, require adherence to discovery rules, and to

13

suppress the government's evidence. *See* Doc. No. 1 at 8-9.

As discussed above in Part II.C.1 of this Recommendation, Williams's claim about the federal court's lack of jurisdiction is without merit. Because the court had jurisdiction over Williams's prosecution for federal crimes, his counsel was not ineffective for failing to move to challenge the court's jurisdiction. *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

As the government correctly observes (Doc. No. 35 at 26), Williams identifies no discovery violation by the government, much less one that conceivably changed the outcome of the proceedings. His cursory allegation here fails to demonstrate deficient performance by counsel or any resulting prejudice.

Although the attorney representing Williams on the date of the deadline for filing pretrial motions (May 22, 2009) filed no motion for suppression of evidence, the attorney who replaced his original counsel did file a motion to suppress on November 23, 2009. In that motion, counsel argued that the affidavit sworn out to obtain a search warrant for Williams's residence failed to establish probable cause, rendering the warrant invalid and any search illegal. Ex. G at 2-4. This court denied the suppression motion on dual grounds, finding (1) the motion was untimely, and (2) even had the motion been timely filed, the motion would fail on the merits. Ex. H at 2. Specifically, this court found that the supporting affidavit provided probable cause to issue the search warrant and that, even absent probable cause, the good-faith exception to the exclusionary rule would have saved the

14

validity of the search. *Id*. at 2-4.

Williams suggests no alternative ground for suppression that might have resulted in a different outcome. It is his burden as the 28 U.S.C. § 2255 petitioner to articulate the factual circumstances and legal arguments that would have supported a successful motion to suppress. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). He has done nothing to present this court with grounds for a motion to suppress that would justify § 2255 relief on the ground of ineffective assistance of counsel. Because his bald assertions fail to demonstrate deficient performance by his counsel or resulting prejudice, he is not entitled to any relief based on this claim.

### 5. *Counsel's Failure to Challenge DEA's Use of Confidential Informant and Electronic Surveillance*

Williams contends his trial and appellate counsel rendered ineffective assistance by failing to challenge the DEA's use of (a) a confidential informant and (b) electronic surveillance. *See* Doc. No. 16 at 2-3.

#### a. <u>DEA's Use of Confidential Informant</u>

Williams makes a very cursory allegation that his counsel should have challenged the DEA's use of a confidential informant. *See* Doc. No. 16 at 2.

The government presented evidence that C.D., a confidential informant cooperating in the investigation of Williams's suspected drug-trafficking activities, made controlled buys of crack cocaine from Williams on three separate dates. C.D. arranged for the buys in phone calls to Williams. A DEA agent was present with C.D. when the calls were made. The agent

listened while C.D. made the arrangements and recorded the conversation with C.D.'s consent. For each controlled buy, C.D. was searched by DEA agents, outfitted with an audio recorder and transmitter, given purchase money, and placed under visual surveillance by the agents. After making the controlled buys from Williams, C.D. turned over the purchased drugs to the agents. The drugs were then forwarded to the DEA's lab for analysis.

C.D. testified at trial and was cross-examined by the lawyers for Williams and his codefendant. *See* Case No. 2:09cr067-WKW, Doc. No. 105 at 231-36; Doc. No. 106 at 6-73.

Williams sets forth no explanation why use of the confidential informant in his case was improper (e.g., personal prejudice or lack of reliability). Using confidential informants has long been recognized as a legitimate law enforcement practice. *See United States v. Sarris*, 632 F.2d 1341, 1343 n.2 (5th Cir. 1980). Williams fails to demonstrate deficient performance in his counsel's failure to challenge the DEA's use of a confidential informant or any resulting prejudice. He is not entitled to relief based on this claim.

### b. Use of Electronic Surveillance

Williams also cursorily alleges that his counsel should have challenged the DEA's use of wiretaps in his case. *See* Doc. No. 16 at 2-3. However, wiretaps were not used in William's case. Telephone conversations and drug transactions were monitored with the consent of the confidential informant, who was assisting law enforcement. *See, e.g., United States v. Perez*, 661 F.3d 568, 581-82 (11th Cir. 2011) (citing use of confidential informants and consensual monitoring as traditional, less intrusive alternative investigative measures

16

employed by law enforcement "prior to receiving permission to intercept electronic communications"); *Unites States v. Chan*, 2006 WL 278582, at *5 (E.D. Cal. Feb. 3, 2006) (citing controlled buys and "stings" as traditional investigative techniques used before seeking permission for wiretap intercepts).

There were no grounds for counsel to challenge the DEA's use of wiretaps because the DEA did not employ that technique. William's cursory allegation here fails to demonstrate deficient performance by his counsel or any resulting prejudice. Consequently, he is not entitled to relief based on this claim.

**D.**     ***Alleyne* Claim**

In a July 29, 2013, amendment to his § 2255 motion, Williams argues that the sentence imposed against him violates the Supreme Court's recent holding in *United States v. Alleyne*, ___ U.S. ___, 133 S.Ct. 2151 (2013), because the district court increased his sentence based on its own factfinding. *See* Doc. No. 42. Specifically, the district court determined his base offense level based on its factfinding on attributable drug amounts, applied a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1), and applied a two-level role enhancement under U.S.S.G. § 3B1.(c). *Id.* at 2-3.

In *Alleyne*, the Supreme Court found that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. *Id*. The Court held

that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. The Court, however, cautioned that its holding did not disturb judicial factfindings at sentencing for facts that do not impact the statutory punishment. *See id*. at 2163. The Court noted that its "ruling does not mean that any fact that influences judicial discretion must be found by a jury." *Id*. "[T]he judge, when he pronounces sentence, may suffer his discretion to be influenced by matter shown in aggravation or mitigation, not covered by the allegations of the indictment. [E]stablishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed are two different things." *Id*. (citations omitted).

*Alleyne* is inapplicable to Williams's case because the district court's factfinding here affected only Williams's sentencing guideline range and did not increase the statutory minimum sentence. The court had discretion to consider matters in aggravation or mitigation when setting Williams's sentence within the statutory boundaries. Judicial factfinding that affects a defendant's guidelines calculation does not fit within the category of facts required under *Alleyne* to be proved beyond a reasonable doubt to a jury. *See United States v. Charles*, 757 F.3d 1222, 1225 (11th Cir. 2014) ("Accordingly, [after *Alleyne*,] a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence – so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict.") Therefore,

Williams is not entitled to any relief based on this claim.[6]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Williams be DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before October 1, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[6] The government correctly argues (Doc. No. 45 at 3-9) that Williams's *Alleyne* claim is also time-barred under the limitation period in 28 U.S.C. § 2255(f) because (1) Williams raised the claim on July 29, 2013, over one year after his conviction became final (February 27, 2012), *see* 28 U.S.C. § 2255(f)(1); (2) the claim does not relate back to any claim in the original § 2255 motion, *see* Fed.R.Civ.P. 15(c); and (3) neither the Supreme Court nor the Eleventh Circuit has made the *Alleyne* case retroactively applicable to cases on collateral review, *see* requirements of 28 U.S.C. § 2255(f)(3); *see also Griffin v. Warden*, FCI Miami, ___ Fed. App'x ___, 2014 WL 3511652, at *3 (11th Cir. Jul. 17, 2014) (*Alleyne* not retroactively applicable); *Chester v. Warden,* 552 Fed. App'x 887, 891 (11th Cir. 2014) (same).

Done this 17th day of September, 2014.


                    /s/ Wallace Capel, Jr.
                WALLACE CAPEL, JR.
                UNITED STATES MAGISTRATE JUDGE